**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2427
_____

MELVIN TRENT WALKER,
                                        Appellant

v.

THOMAS W. WOLF, GOV. OF PA.;
LESLIE RICHARDS, SEC. OF TRANSP. PA.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-04983)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2022
Before:  GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 12, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Melvin Trent Walker appeals the District Court's dismissal of his complaint. For the reasons that follow, we will affirm in part, vacate in part, and remand to the District Court for further proceedings.

Walker, an African American man presently fifty-five years old, has been an employee of the Pennsylvania Department of Transportation ("PennDOT") for over fifteen years. In October 2019, he filed a pro se complaint in the Eastern District of Pennsylvania, alleging violations of Title VII of the Civil Rights Act of 1964, 43 U.S.C § 2000e-2, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Broadly, Walker alleged that he was systematically excluded from promotions within PennDOT through a series of lateral reassignments and other personnel decisions that prevented him from attaining the requisite job titles or seniority to facilitate his advancement; all while his younger, white colleagues were not so obstructed and achieved promotions. His complaint appeared to name the Pennsylvania Governor and Secretary of Transportation as defendants; Walker hired a process server to effect in-person service of the complaint on these defendants.

The Governor and Secretary moved to dismiss the complaint on the grounds that Title VII and the ADEA do not provide for individual liability. Subsequently, Walker filed numerous documents seeking to supplement his complaint with allegations that the defendants also violated his constitutional rights under color of state law, see 42 U.S.C. §§ 1981, 1983, and subjected him to a hostile work environment. The District Court

2

granted the defendants' motion to dismiss, explaining to Walker which deficiencies to avoid should he seek to amend the claims dismissed without prejudice.

Walker then filed an amended complaint, which appeared to substitute PennDOT as the defendant in the action and attempted to address other identified deficiencies. The District Court then re-entered the same order of dismissal as to the original complaint, changing only the date. The Governor and Secretary filed a motion to dismiss the amended complaint, but before any ruling on that motion, Walker expressly moved the District Court to amend the caption and summons to name PennDOT as the defendant in the action, then filed a notice of appeal as to the order dismissing his original complaint. We determined that we lacked appellate jurisdiction over that appeal because the District Court had yet to issue a final, appealable order. See Walker v. Wolf, No. 20-2783 (3d Cir. Jan. 21, 2021). We explained that, rather than demonstrate an intent to stand on the complaint dismissed in part without prejudice, Walker had filed an amended complaint. See id. (citing, inter alia, Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019)).

Returning to the District Court, Walker declared his intent to stand on his complaint, but did not specify whether that meant his original or amended complaint. See ECF No. 22 (citing Weber, 939 F.3d at 238). The District Court responded by granting the defendants' motion to dismiss the amended complaint, denying Walker's motion to amend the complaint and summons to name PennDOT as a defendant, and granting Walker's motion to stand on his complaint. Walker timely filed a notice of appeal.

3

We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over an order granting a motion to dismiss. See Davis v. Samuels, 962 F.3d 105, 111 n.2 (3d Cir. 2020). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We review the denial of leave to amend for abuse of discretion. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

The District Court correctly dismissed Walker's Title VII and ADEA claims to the extent he brought them against the Governor and Secretary of Transportation because only "employers" may be held liable under those statutes; they do not provide for individual liability. See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077–78 (3d Cir. 1996) (en banc) (Title VII); Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006) (ADEA).

However, we cannot say that Walker's intent was to name those officeholders only, and not PennDOT itself, as the defendants in this action. We note specifically Walker's argument to the District Court that its own guidelines for pro se employment discrimination complainants read: "You are the plaintiff. The defendant(s) is the employer(s) being sued. If you are filing against a government agency or department, use the title of the head of that agency or department—such as Postmaster General, Secretary of the Navy, Secretary of Welfare of Pennsylvania, etc."[1] Furthermore, the Federal Rules

---

[1] Form Compl. for Empl. Discrim. 2, ¶ 1, E.D. Pa., https://www.paed.uscourts.gov/documents/forms/frmcempf.pdf (revised May 2017).

of Civil Procedure instruct plaintiffs to serve state government entities in a civil action by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 15(j)(2). The Pennsylvania rules state: "Service of original process upon the Commonwealth[,] or an officer of the Commonwealth, or a department . . . of the Commonwealth . . .shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof." Pa. R. Civ. P. 422(a). Walker argued in his motion to amend that he had intended to name PennDOT as the defendant, he had in fact done so according to the District Court's guidelines, and he had served PennDOT with process according to the rules.[2] See ECF No. 18 at 3–4.

Unless it would be futile or inequitable, plaintiffs must be afforded the opportunity to amend a complaint that is vulnerable to dismissal for failure to state a claim, even in the absence of a motion for leave to do so. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Considering that the District Court's dismissal of Walker's Title VII and ADEA claims hinged on the identity of the defendants, we cannot say on the record

---

[2] We also note that the District Court previously dismissed Walker's complaint in a separate but closely related action for failure to properly serve PennDOT, the lone named defendant, after he attempted service via certified mail. See Order, Walker v. Pa. Dep't Transp., No. 2-17-cv-4720 (E.D. Pa. May 22, 2019), ECF No. 11. Walker has asked the District Court on at least one occasion for "the cases [to] be joined." Am. Compl. 12, ECF No. 15. We express no opinion on the propriety of consolidating these two actions.

before us whether such amendment would have been futile, and we believe the District Court would be better poised to undertake that analysis. See Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). Perhaps the District Court's denial of Walker's request to amend—and associated dismissal of the amended complaint—was based on his subsequent motion to stand on his complaint. However, our impression of Walker's intent is informed by the timing of the District Court's re-entry of its order dismissing the original complaint. An amended complaint generally "supersedes the original and renders it of no legal effect." W. Run Student Hous. Assocs. v. Huntington Nat. Bank, 712 F.3d 165, 171 (3d Cir. 2013) (citation omitted). Because the District Court's order was re-entered after Walker had filed his amended complaint, yet by its terms only addressed the original complaint, see ECF No. 16, we do not construe Walker's subsequent intent to stand on his complaint as referring to his original, rather than amended, complaint.

The timing of the District Court's re-entered order also calls into question the dismissal of Walker's remaining claims, in which he alleged that PennDOT's mandatory diversity and inclusion training infringed on his right to religious freedom and created a hostile work environment.[3] When Walker initially made these arguments in various

---

[3] To the extent that Walker attempted to plead the "tort of outrage," also known as intentional infliction of emotional distress, see Armstrong v. Paoli Mem'l Hosp., 633 A.2d 605, 608 (Pa. Super. Ct. 1993), any error by the District Court in overlooking the amended complaint's single, vague reference to said tort was harmless, see Am. Compl. 10, ECF No. 15. Walker did not plead that he suffered any physical harm, nor did he identify any conduct "so outrageous in character" and "extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," as required to state such a claim. Reedy v.

supplemental "notices" filed after his original complaint, the District Court dismissed the claims, explaining that Walker's piecemeal filings did not satisfy the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2), then instructed: "If Plaintiff would like to add the claims discussed in the Notices—the Constitutional questions and an employment discrimination on the basis of sex claim—Plaintiff must amend his Complaint to include those claims. Plaintiff also must include factual allegations to show the Court that the Plaintiff is entitled to relief." ECF No. 14 at 4–5 n.1. As explained above, after Walker filed an amended complaint in response to these instructions, the District Court immediately re-entered the order of dismissal that touched only the original filings, and not the curative amendment. Because the later decision to dismiss the amended complaint may have been clouded by the same confusion over Walker's intent, we cannot say that the District Court's decision was proper. Because "we ordinarily do not consider issues not addressed by the district court in the first instance," Howard Hess Dental Lab'ys v. Dentsply Int'l, 602 F.3d 237, 253 n.6 (3d Cir. 2010), we decline to evaluate the merits of these claims before the District Court has had occasion to do so.

Accordingly, we will affirm the dismissal of Walker's Title VII and ADEA claims against the Governor and Secretary of Transportation individually; vacate the order

---

Evanson, 615 F.3d 197, 231–32 (3d Cir. 2010) (quoting Field v. Phila. Elec. Co., 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)). Accordingly, he has not stated a claim for relief on this theory, as it has no application to these facts.

denying leave to amend the pleadings to add PennDOT as the defendant; vacate the District Court's dismissal of the amended complaint; vacate the order granting Walker's motion to stand on his complaint; and remand to the District Court for further proceedings consistent with this opinion.